UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHIBULLAH AHMADZAI,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.,<br>Defendant. | Case No. 2:26-cv-2210-DAD-JDP (PS)<br><br>ORDER |

Plaintiff Mohibullah Ahmadzai, proceeding pro se, brings this action under the Fair Credit and Reporting Act against defendant Wells Fargo Bank, N.A. Defendant has filed a motion to dismiss the complaint. For the reasons stated below, defendant's motion is granted.

**Background**

Beginning in 2020, plaintiff "maintained banking and related financial accounts" with defendant. ECF No. 1 at 10. Plaintiff "experienced multiple unexplained debit card replacements" even though he "did not request several of the replacements and was not provided with a meaningful explanation regarding the basis for the repeated card issuances." *Id.* The card replacements caused plaintiff concern that his "financial information, account credentials, or identity-related information may have been compromised, improperly accessed, misused, or subjected to unauthorized third-party activity." *Id.* Additionally, plaintiff "experienced multiple incidents involving disputed, suspicious, unauthorized, or potentially fraudulent financial activity

affecting Plaintiff's financial information across different institutions over a period of several years." *Id.*

In 2023, defendant "closed Plaintiff's bank account and associated credit account without providing Plaintiff with a meaningful explanation regarding the basis for the closure decision." *Id.* Defendant "failed to provide a substantive explanation sufficient to allow Plaintiff to understand the basis for Defendant's actions or whether Defendant believed Plaintiff's accounts had been affected by unauthorized activity or fraud-related concerns." *Id.* at 11. In 2024, plaintiff "attempted to open a new account with Defendant Wells Fargo but was denied" without being provided "a clear explanation concerning the denial decision." *Id.*

In May 2026, plaintiff "submitted written correspondence to Defendant requesting clarification regarding the repeated debit card replacements, account closure, denial of Plaintiff's subsequent application, and any related internal restrictions or adverse account determinations." *Id.* Defendant "failed to provide adequate clarification or meaningful review." *Id.*

**Procedural History**

Plaintiff initiated this action in Sacramento County Superior Court in May 2026. *Id.* at 6. Defendant thereafter removed and, on June 25, 2026, filed a motion to dismiss, ECF No. 5. Plaintiff was required to file an opposition or statement of non-opposition by July 9, 2026. *See* E.D. Cal. L.R. 230(c). Plaintiff did not comply with that requirement. On July 10, 2026, defendant filed a reply, wherein defendant cites and references an opposition brief prepared by plaintiff. ECF No. 8. On July 15, 2026, plaintiff filed an opposition. ECF No. 9. It appears that plaintiff shared the opposition with defendant before defendant filed its reply. Given plaintiff's pro se status, the court deems the opposition timely and has reviewed it.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Discussion**

Plaintiff brings four causes of action: (1) negligence; (2) negligent infliction of emotional distress; (3) violation of the Fair Credit Reporting Act ("FCRA"); and (4) declaratory and injunctive relief. ECF No. 1 at 12-16. Defendant moves to dismiss all claims. ECF No. 5.

Plaintiff's negligence claim fails for two reasons. First, plaintiff fails to plead that defendant breached its duty of care. California law requires a plaintiff to allege that the defendant "owed [the plaintiff] a legal duty, breached the duty, and that the breach was a proximate or legal cause of [the plaintiff's] injury." *Gonzalez v. Autoliv ASP, Inc.*, 154 Cal. App. 4th 780, 793 (2007). "A bank's basic duty of care—to act with reasonable care in its transactions with its customers—arises out of the bank's contract with its customer." *Rodriguez v. Bank of the W.*, 162 Cal. App. 4th 454, 460 (2008). For example, a bank "must use ordinary care in presenting [a] check for collection or for sending it for presentment." *Symonds v. Mercury Sav. & Loan Assn.*, 225 Cal. App. 3d 1458, 1464 (1990). However, a bank does not have a broader duty to its customers. California courts have held that banks "are not fiduciaries for their depositors; and that the bank-depositor relationship is not a 'special relationship' . . . such as to give rise to tort damages when an implied contractual covenant of good faith is broken." *Copesky v. Superior Ct.*, 229 Cal. App. 3d 678, 694 (1991). Similarly, banks do not have "a duty to supervise account activity or otherwise track frequent and/or large dollar transactions in deposit accounts." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 481 (1996)

Here, plaintiff alleges that defendant breached its duty of care by "failing to reasonably investigate suspicious or unusual account activity, failing to provide adequate explanations concerning repeated debit card replacements and account restrictions, failing to maintain transparent and fair account practices, and failing to adequately respond to Plaintiff's good-faith requests for clarification regarding Defendant's actions." ECF No. 1 at 12. However, plaintiff does not adequately allege that defendant had a duty to engage in any such conduct in the first instance. Indeed, defendant does not have "a duty to supervise account activity" because it is not a fiduciary. *See Software Design & Application*, 49 Cal. App. 4th at 481. As such, plaintiff fails to allege that defendant breached its duty of care.

Second, as defendant points out, plaintiff's negligence claim appears to be barred by the economic loss rule. *See* ECF No. 5 at 6-7. The California Supreme Court has defined this rule as: "[i]n general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *Sheen v. Wells Fargo*

*Bank, N.A.*, 12 Cal. 5th 905, 922 (2022). "Not all tort claims for monetary losses between contractual parties are barred by the economic loss rule. But such claims are barred when they arise from—or are not independent of—the parties' underlying contracts." *Id.* at 923. "[T]he rule functions to bar claims in negligence for pure economic losses in deference to a contract between litigating parties." *Id.* at 922. The California Supreme Court has held that "[q]uite simply, the economic loss rule prevents the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

Here, plaintiff's negligence claim appears barred because it arises from the underlying contract between plaintiff and defendant. *See Sheen*, 12 Cal. 5th at 923. Plaintiff alleges only financial harm, such as "interference with banking relationships" and "loss of financial opportunities." *See* ECF No. 1 at 13. Plaintiff cannot recover in tort for "negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *See Sheen*, 12 Cal. 5th at 922. As such, plaintiff's negligence claim is barred by the economic loss rule.

Plaintiff's claim for negligent infliction of emotional distress must fail for the same reasons. The California Supreme Court has held that "there is no independent tort of negligent infliction of emotional distress" and instead "the tort is negligence, a cause of action in which duty to the plaintiff is an essential element." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). Consequently, plaintiff's claim for negligent infliction of emotional distress must be dismissed because plaintiff fails to plead a breach of duty and any negligence claim appears barred by the economic loss rule.

Lastly, plaintiff's FCRA claim fails for two reasons. First, plaintiff does not plead that defendant reported any inaccurate information. The Court of Appeals has held that "to sustain either a [15 U.S.C.] § 1681e or a § 1681i claim, a consumer must first 'make a prima facie showing of inaccurate reporting' by the [consumer reporting agency]." *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). "This order of proof makes sense: if there is no inaccuracy, then the reasonableness of the investigation is not in play." *Gross v. CitiMortgage,*

*Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022). The Court of Appeals has held that "information is inaccurate for purposes of 15 U.S.C. § 1681s-2(b) where it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

Here, plaintiff does not allege that defendant produced a report that contained inaccurate information. Instead, he alleges that defendant produced "adverse account-related information, internal risk classifications, restrictions, or other negative banking information concerning Plaintiff." ECF No. 1 at 14. This allegation is insufficient.

Second, plaintiff does not allege that he filed a dispute with a consumer reporting agency. While defendant is obligated under section 1681s-2(b) to conduct an investigation regarding disputed information, that duty arises only after it "receives notice of dispute from a [consumer reporting agency]; notice of a dispute received directly from the consumer does not trigger" this statutory duty. *See Gorman*, 584 F.3d at 1154. Plaintiff alleges that he communicated with defendant, but he does not plead that he disputed any information with a consumer reporting agency. As such, his FCRA claim must fail.[1]

Accordingly, the complaint is dismissed. The court finds leave to amend appropriate because plaintiff has not previously been put on notice of any pleading deficiency. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry. Plaintiff may not change the nature of this suit by alleging new, unrelated claims.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 5, is GRANTED.
2. Plaintiff's complaint, ECF No. 1 at 6-17, is DISMISSED with leave to amend.

[1] Because plaintiff does not maintain a standalone cause of action, his claim for declaratory and injunctive relief necessarily fails.

3. Plaintiff may file an amended complaint within fourteen days. Failure to do so will result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: October 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE